The opinion of the Court was delivered hy
Todd, J.
This is a suit for the recovery of $2,230, the aggregate amount of three promissory notes signed hy one J. D. Labranche, to the order of and endorsed hy H. A. Battles. J. R. Kent & Co., defendants, were not parties to these notes, but are charged with being liable to plaintiffs for their amount, andaré sued therefor, and j oined in the suit with Battles, the payee and endorser of the notes.
The facts connected with this controversy are these:
On the 3d of December, 1877, a contract was entered into between I-I. A. Battles and J. D. Labranche, a rice planter of the Parish of St. Bernard, hy which the former was to advance to the latter $4,000, in money and supplies, on his crop of the ensuing year, and to aid him in the making and cultivating same. The contract was recorded on the 9th of the same month.
Battles proceeded to advance to Labranche under this agreement till about the 1st of May, 1878, his advances up to that date amounting to $2,973.41, Being unable to make further advances, Labranche was *817 compelled to look elsewhere for means to cultivate his crop. In this emergency he applied to the defendants, J. R. Kent & Co., who agreed to furnish him three thousand dollars, on condition that the prior lien in favor of Battles should be cancelled, and they, Kent & Co., should have tiie first lien on the crop. This cancellation was made, and in the written agreement between Battles and Labranche, respecting this cancellation, it is declared, (quoting):
. “ And the said Battles does also grant a full and complete release of a certain promissory note for the sum of $4,000, furnished by the said Labranche, * * * and hereby authorizing and requiring the Recorder of Mortgages of the'Parish of St. Bernard to cancel and erase said mortgage (privilege) from his books.”
Thereupon, J. R. Kent & Co. entered into writings with Labranche, by which they obligated themselves to advance him the $3,000, and he acknowledged that the advance was for the necessary plantation supplies to enable him to make and gather his crop, and which was to be consigned to them. The contract further stipulated a pledge on the crop under the act of 1874. It was without date, but was recorded on the 7th of May, 1878, in the book of mortgages of said parish. Prom this time forward, Kent & Co. continued during the year to make advances, to an amount exceeding $6,000, the amount stipulated originally proving insufficient for the making and gathering of the crop.
About the same time that the contract was made with Kent & Co., and immediately succeeding the surrender of the $4,000 note by Battles to Labranche, and the cancellation of the privilege, Labranche acknowledged in writing the debt to Battles to the amount of $2,973.41, for the sums previously received from him, and recognized a privilege therefor, and divided the debt into three equal parts, for which he gave his throe several promissory notes for $743,351 each.
This writing was also recorded in the mortgage book of said parish.
Three of these notes were acquired by the plaintiffs, and it is for the amount of them that this suit is brought against J. R. Kent & Co. and Battles.
Judgment was rendered against tiie latter by default, and in favor of Kent & Co., rejecting as to them the plaintiff’s demand, from which judgment plaintiffs have taken this appeal.
They allege in their petition substantially, that Kent & Co. had no privilege on the proceeds of the crop for any amount beyond the $3,000 stipulated in the contract, and that they were induced to acquire said notes held by them by the representations of Kent & Co., to the effect that the crop of Labranche would be sufficient to pay them, Kent & Co., and also the notes of plaintiffs.
This is denied by Kent & Co. in their answer, and they further *818 aver that they were not parties nor privy to the subsequent agreement between Battles and Labranche, recognizing a privilege in his favor after the cancellation of the one under the first contract, nor to the understanding or agreement between Battles and the plaintiffs, under which the latter became the holders of the notes, and deny any liability to plaintiffs on account of the notes, or for the debt for which they were given.
The prayer of the plaintiffs’petition is simply for the recovery of the debt claimed against the defendants. They do not ask for the recognition of any privilege on the proceeds of the crop in the hands of Kent & Co., or to be declared privilege creditors of Labranche, who is not a party to the suit. They only ask a personal judgment against defendants. It is virtually a demand against Kent & Co. to pay the debt of another person. It is not pretended that they bound themselves in writing to do so, but their alleged liability to plaintiffs rests alone on the fact asserted that they induced plaintiffs to become the holders of the notes sued on by false representations respecting the crop of Labranche, by which they were led to believe that it would prove adequate to pay all the advances made upon it, both by Battles and Kent & Co.
As a matter of fact, the crop proved insufficient, when sold by Kent & Co., to whom it was consigned, to pay even the advances made by them. Had there been any excess over their own debt, Kent & Co. would not have been authorized without Labranche’s order to pay the same to plaintiffs. It appears from the evidence that, before the extent of the crop was ascertained and when both they and the plaintiffs believed that it would be more than sufficient to meet their demands, Kent & Co. suggested to plaintiffs the importance or necessity of obtaining an order on them from Labranche to pay them, plaintiffs, any balance in their hands over and above their own claims.
There is no doubt that at one time Kent & Co. fully believed that the crop of Labranche would realize from ten to twelve thousand dollars, and that they so expressed themselves to the plaintiffs, but we are satisfied it was an honest belief, the expression of which subjected them to no obligation to plaintiffs to pay Labranche’s debt to them, and was not intended to deceive the plaintiffs, who could have ■ easily acquainted themselves with the condition and prospects of the crop, and to whom the same sources of information were open, respecting the same, as to Kent & Co.
The result was a serious disappointment to all parties interested, but we see no grounds on which Kent & Co. can be held liable for the debt of Labranche to plaintiffs, who, like themselves, became Ms creditors *819 from a mistake of frequent occurrence, an extravagant over estimate of the outcome of a growing crop.
It is seriously urged by the counsel for Kent & Co., that plaintiffs had no privilege on Labranche’s crop whatever; that after the surrender of the original debt, and the cancellation of the privilege under it, the parties could not, by their agreement, revive that privilege, since a privilege flows from the nature of the debt, and can neither be created nor revived by agreement of the parties. There may be force in this proposition, but we are dispensed from considering it, inasmuch as plaintiffs do not pray for the recognition of any privilege, but, as stated, seek only a personal judgment.
We see no reason to disturb the judgment appealed from, which is, therefore, affirmed with costs.
The Chief Justice recuses himself, having been of counsel.
Levy, J., absent.